UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Curtis Harris, *on behalf of himself and all others similarly situated*,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>My Credit Guy, L.L.C.,<br><br>　　　　　Defendant. | Civ. No. 24-1453 (JWB/ECW)<br><br><br><br>**ORDER** |

Carl E. Christensen, Esq., Christopher Wilcox, Esq., and Ryan Supple, Esq., Christensen Sampsel PLLC; and Thomas J. Lyons, Jr., Esq., Consumer Justice Center P.A., counsel for Plaintiff.

Ellen E. Anderson, Esq., Julia Wischmeier, Esq., and Zachary Scott Foster, Esq., Quarles & Brady LLP, counsel for Defendant.

Defendant My Credit Guy's Motion to Transfer Venue under 28 U.S.C. § 1404(a) (Doc. No. 35) is granted. The underlying contract dispute between the parties is subject to a valid forum-selection clause and the *Atlantic Marine* analysis supports transfer to the contractually designated forum.

## BACKGROUND

Plaintiff Curtis Harris ("Harris"), an individual consumer, contracted with My Credit Guy, L.L.C. ("My Credit Guy") to repair his credit rating. (Doc. No. 28 ("Am. Compl.") ¶¶ 17–18.) The parties' Agreement contains the following Forum-Selection Clause:

The Parties hereby irrevocably and unconditionally agree that any action,

> suit or proceeding, at law or equity, arising out of or relating to this Agreement shall only be brought in any federal court of the District of Arizona or any state court located in Maricopa County, State of Arizona, and . . . hereby irrevocably and unconditionally waives (by way of motion, as a defense or otherwise) any and all jurisdictional, venue and convenience objections or defenses that the Party may have.

(*Id.* ¶ 48, Ex. A, § 8.7(b).)

The Amended Complaint sets forth multiple violations of federal and state consumer protection laws, including the Credit Repair Organizations Act ("CROA") and Minnesota's Credit Services Organization Act ("MCSOA"). (*Id.* ¶¶ 44–48, 83–193.) Harris contends that numerous provisions in the Agreement violate rights and protections under the CROA and MCSOA. (*Id.* ¶¶ 44–48.) Additionally, Harris claims My Credit Guy breached the Agreement by charging him excessive fees earlier than permitted. (*Id.* ¶¶ 183–195.)

My Credit Guy moves to dismiss (Doc. No. 41), strike class allegations (Doc. No. 38), and to transfer venue under 28 U.S.C. § 1404(a). (Doc. No. 35).

## ANALYSIS

### I.   Legal Standard

Under 28 U.S.C. § 1404(a), a district court may transfer a civil action to another district or division where it could have been originally filed, for the convenience of the parties and witnesses and in the interest of justice. *Atlantic Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 59 (2013); *Terra Int'l, Inc. v. Mississippi Chem. Corp.*, 119 F.3d 688, 695 (8th Cir. 1997). In evaluating a motion to transfer, a district court typically relies on pleadings and affidavits, viewing all facts in the light

most favorable to the plaintiff, who bears the burden of making a prima facie showing that the forum selection clause is invalid. *See New Moon Shipping Co. v. MAN B & W Diesel AG*, 121 F.3d 24, 29 (2d Cir. 1997); *Martinez v. Bloomberg LP*, 740 F.3d 211, 216–17 (2d Cir. 2014). A factual dispute may only be resolved against the plaintiff if and after an evidentiary hearing has been conducted. *New Moon*, 121 F.3d at 29. Courts recognize that the burden to establish venue remains debated among circuits and scholars. *See Symbology Innovations, LLC v. Lego Sys., Inc.*, 282 F. Supp. 3d 916, 925 n.5 (E.D. Va. 2017).

## II.     Transfer Venue

In the absence of a valid forum-selection clause, motions under § 1404(a) require a court to balance the parties' private interests and the public interests to determine the proper forum for litigation. *Atlantic Marine*, 571 U.S. at 59 (citing *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972)). A valid forum-selection clause alters the balancing analysis by tipping the parties' interests in favor of transfer, shifting the inquiry to whether certain public interest factors outweigh enforcing the parties' contractual choice of forum. *Atlantic Marine*, 571 U.S. at 60–61. As a result, a valid forum-selection clause will be "given controlling weight in all but the most exceptional cases." *Id.* at 59–60 (citing *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 33 (1988) (Kennedy, J., concurring)).

### A.     Validity and Enforcement

The CROA creates rights and protections for individual consumers transacting with credit repair organizations. 15 U.S.C. §§ 1679(a)–(j). The statute's anti-waiver provision voids any attempt to waive the CROA's rights or protections or any agreement

3

that fails to comply with the CROA's provisions. 15 U.S.C. §§ 1679f(a), (c).

Harris argues the Forum-Selection Clause is invalid and unenforceable because it, along with other provisions in the agreement, allegedly waives rights and protections under the CROA. But a forum-selection clause does not waive a consumer's right to sue under the CROA. In *CompuCredit Corp. v. Greenwood*, 565 U.S. 95, 99–103 (2012), the Supreme Court clarified that the CROA guarantees the right to enforce claims but does not guarantee a right to a specific forum for litigation. Therefore, the Forum-Selection Clause does not, on its own, constitute a waiver of any right or protection provided by the CROA.

Although Harris argues the Minnesota Supreme Court's decision in *Onvoy* allows a forum-selection clause to be invalidated by allegations that an entire contract is void, state law is not controlling on *prima facie* validity. *Stewart Org.*, 487 U.S. at 33 (Kennedy, J., concurring); *Firexo, Inc. v. Firexo Group Ltd.*, 99 F.4th 304, 323–24 (6th Cir. 2024) (collecting cases). To the extent *Onvoy* signals a broader Minnesota policy against enforcing such clauses, state policies are considered as part of the *Atlantic Marine* analysis and do not provide a contractual defense that would *per se* invalidate a forum-selection clause. As Justice Kennedy explained in *Stewart Org.*: "Though state policies should be weighed in the balance, the authority and prerogative of the federal courts to determine the issue, as Congress has directed by § 1404(a), should be exercised so that a valid forum-selection clause is given controlling weight in all but the most exceptional cases." 487 U.S. at 33 (Kennedy, J., concurring).

Federal common law governs this issue and indicates that a forum-selection clause

4

cannot be rendered *prima facie* invalid by assertions that an entire contract is void. *See Scherk v. Alberto–Culver Co.*, 417 U.S. 506, 519 n.14 (1974); *Haynsworth v. The Corporation*, 121 F.3d 956, 963 (5th Cir. 1997). Accordingly, at this stage in the litigation, it is inappropriate to consider Harris's arguments that the entire Agreement is void because provisions outside the Forum-Selection Clause waive rights and protections under the CROA.

### B.   *Atlantic Marine* Analysis

The party opposing transfer to a pre-selected forum must demonstrate that public interest factors clearly weigh against enforcing a forum-selection clause. *Atlantic Marine*, 571 U.S. at 63. To meet this burden, Harris must identify a statute or judicial decision reflecting a strong public policy against transferring the case out of Minnesota. *Yei A. Sun v. Advanced China Healthcare, Inc.*, 901 F.3d 1081, 1089–91 (9th Cir. 2018) (citing *Zapata Off-Shore Co.*, 407 U.S. at 15).

Harris cites *Maslowski*, but that case only holds that Minnesota has an interest in refusing to enforce forum-selection clauses that "could be the first step in thwarting Minnesota's policy against champerty." *Maslowski v. Prospect Funding Partners LLC*, 890 N.W.2d 756, 767 (Minn. App. 2017). This holding is narrow and specific to contexts where the matter to be transferred could substantively alter ongoing lawsuits in Minnesota state court.

Harris also points to Minnesota consumer protection statutes, arguing Minnesota has a strong interest in allowing residents to bring claims under these laws. However, the proper inquiry is whether Arizona fails to provide a cause of action, procedure, or remedy

5

that would materially limit Harris's ability to recover against My Credit Guy. *See Petersen v. Boeing Co.*, 715 F.3d 276, 281 (9th Cir. 2013). Harris has not shown or argued that Arizona law deprives him of any substantive remedy. Thus, Harris has not demonstrated that the public interest factors clearly outweigh enforcing the Forum-Selection Clause.

## ORDER

Based on the foregoing, and on all the files, records, and proceedings in this case, **IT IS HEREBY ORDERED** that:

1. Defendant My Credit Guy, L.L.C.'s Motion to Transfer Venue under 28 U.S.C. § 1404(a) (Doc. No. 35) is **GRANTED**;

2. The Clerk of Court is directed to **TRANSFER** this case to United States District Court for the District of Arizona, Phoenix Division;

3. Defendant's Motion to Strike Class Allegations (Doc. No. 38) is **DENIED AS MOOT**; and

4. Defendant's Motion to Dismiss (Doc. No. 41) is **DENIED AS MOOT**.

Date:  January 21, 2025                 *s/ Jerry W. Blackwell*
                                        JERRY W. BLACKWELL
                                        United States District Judge